IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| KATHLEEN ARNETT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2016-CV01797 |
| KATHLEEN SCOTT, | ) |
| and, | ) |
| FOUR B CORP., | ) |
| Defendants. | ) |

**PLAINTIFF'S FIRST AMENDED PETITION**

COMES NOW Plaintiff, Kathleen Arnett by and through the undersigned counsel, and for her cause of action against Defendants Four B Corp. and Kathleen Scott, herein states and alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff is a resident and citizen of Kansas City, Jackson County, Missouri.

2. Defendant Four B Corp. (hereinafter "Sunfresh") is a limited liability company duly organized and existing according to Missouri law, and as such, operates self-service type retail stores through Missouri, including Jackson County, Missouri. It may be served with process upon its registered agent for service SNR Registered Agent Services, Inc., 4520 Main, Suite 1100, Kansas City, Missouri 64111.

3. Defendant Kathleen Scott is a manager of the Sunfresh Market at 11212 Holmes, Jackson County, Missouri 64131.

4. At all times relevant hereto, Defendant Scott was an employee of the Sunfresh Market mentioned herein.

5. On or about August 26, 2018, Plaintiff was an invitee on the property of the Sunfresh Market at 11212 Holmes, Kansas City, Jackson County, Missouri 64131.

**EXHIBIT A**

6. At approximately 12:20 p.m. on the date and premises described above, Plaintiff was injured when slipped and fell on water which was on the floor.

7. The negligent acts and omissions described herein occurred at said retail store and were performed by and through Defendant Sunfresh authorized employees, including Defendant Scott, who was acting within the course and scope of her employment, subject to the right of Defendant Sunfresh to control her activities and conduct.

## COUNT I – NEGLIGENCE
## BALLS FOOD STORES d/b/a SUNFRESH MARKET

8. Plaintiff incorporates paragraphs one through seven above as though fully set forth herein.

9. The floor described in paragraph 6 above was an unreasonably dangerous condition of Defendant's store in that it could injure customers, such as Plaintiff.

10. Defendant Sunfresh knew or through the use of ordinary care, should have known of the dangerous condition of the floor.

11. Defendant Sunfresh failed to use ordinary care to remove, remedy or warn of the danger to invitees, such as Plaintiff.

12. Defendant Sunfresh was negligent:

   a. In failing to warn customers of the dangerous condition of the floor in the store;

   b. In failing to use ordinary care to remove or remedy the dangerous condition of the floor;

   c. In failing to implement a formal policy or procedure of regular inspections, safety tours, or sweeps by employees, servants or agents which would reveal hazards, such as the one encountered by Plaintiff, and would allow Defendant Sunfresh to remove or warn of those hazardous conditions prior to customers, including Plaintiff, injuring themselves;

13. As a direct and proximate result of the aforesaid negligence and carelessness of

Defendant Sunfresh, Plaintiff sustained a fractured right shoulder and injury to her back and neck.

14. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Sunfresh, Plaintiff has incurred and in the future will incur expenses for the treatment of her injuries.

15. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Sunfresh, Plaintiff has been disabled and in the future will be disabled and not able to perform her usual functions.

16. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Sunfresh, Plaintiff has and, will in the future, be caused great pain and suffering.

17. All of Plaintiff's injuries, disabilities, infirmities and damages are permanent, painful, and progressive.

WHEREFORE, Plaintiff Kathleen Arnett requests judgment against Defendant Four B Corp. d/b/a Sunfresh Market for damages, together with costs of suit, and such other and further relief as the Court may deem proper.

## COUNT II – NEGLIGENCE
## KATHLEEN SCOTT

18. Plaintiff incorporates paragraphs one through seventeen above as though fully set forth herein.

19. Defendant Scott was negligent in one or more of the following respects:

   a. Defendant Scott knew or by the exercise of ordinary care should have known of the dangerous condition of the floor prior to the time Plaintiff slipped and fell.

   b. Defendant Scott negligently and carelessly caused, suffered, and permitted the floor to remain in its dangerous condition and not reasonably safe.

   c. Defendant Scott negligently and carelessly failed to exercise ordinary care to discover the aforesaid dangerous and unsafe condition of the floor and the likelihood of injury thereby.

Electronically Filed - Jackson - Kansas City - May 05, 2020 - 04:36 PM

d. Defendant Scott negligently and carelessly failed to warn Plaintiff, of the aforesaid dangerous and unsafe condition of the floor and likelihood of injury thereby.

e. Defendant Scott negligently and carelessly caused, suffered, and permitted persons, particularly Plaintiff, to use and walk in the dangerous area although Defendant knew or by the exercise of ordinary care should have known Plaintiff in so doing was likely to be injured and was in danger and not reasonably safe.

f. Defendant Scott negligently and carelessly invited persons, members of the general public, and Plaintiff, to come into the aforesaid store and to use the aisle where Plaintiff was injured, when Defendant knew or by the exercise of ordinary care should have known that persons including Plaintiff in so walking upon and using the aisle were likely to be injured because the floor was dangerous and not reasonably safe.

20. Plaintiff further states that as a direct and proximate result of the aforesaid negligence and carelessness of Defendant Scott, she sustained a fractured right shoulder and injury to her back and neck; has incurred and in the future will incur expenses for the treatment of her injuries; has been disabled and in the future will be disabled and not able to perform her usual functions; and in the future will be caused great pain and suffering, to her great loss and damage.

26. All of Plaintiff's injuries, disabilities, infirmities and damages are permanent, painful, and progressive.

WHEREFORE, Plaintiff Kathleen Arnett requests judgment against Defendant Kathleen Scott for damages, together with costs of suit, and such other and further relief as the Court may deem proper.

Electronically Filed - Jackson - Kansas City - May 05, 2020 - 04:36 PM

Respectfully submitted,

**JAMES MANNING, PC**

*/s/ James S. Manning*
_____
JAMES MANNING (58271)
2502 West Mechanic Street
Harrisonville, MO 64701
Phone: (816) 380-3388
Fax: (816) 887-5757
Email: james@jamesmanninglaw.com

**PHILLIP S. SMITH, PC**

*/s/ Phillip S. Smith*
_____
PHILLIP SMITH (26320)
1660 City Center Square
1100 Main Street
Kansas City, MO  64105
Phone: (816) 471-4747
Fax: (816) 471-4949
Email: phillip.smith@sbcglobal.net

**ATTORNEY FOR PLAINTIFF**